JS-6

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | ED CV 10-1961 PA (AJWx) | Date | March 17, 2011 |
|---|---|---|---|
| Title | Javier Avalos v. Wells Fargo Bank, N.A., et al. | | |

| Present: The Honorable | PERCY ANDERSON, UNITED STATES DISTRICT JUDGE | |
|---|---|---|
| Paul Songco | Not Reported | N/A |
| Deputy Clerk | Court Reporter | Tape No. |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| None | None |

**Proceedings:**   IN CHAMBERS - ORDER

On March 7, 2011, this Court granted in part the Motion to Dismiss filed by defendants Golden West Savings Association Service Corporation, Wells Fargo Bank NA Corporation, and World Savings Bank ("Defendants"). In that order, the Court found that Plaintiff Javier Avalos' ("Plaintiff's") claims for violation of the Truth-in-Lending Act ("TILA") and the Real Estate Settlement Procedures Act ("RESPA") were time-barred. (Docket No. 17.) The Court also ordered Plaintiff to show cause why his TILA and RESPA claims against defendant Cal-Western Reconveyance Corporation should not be dismissed with prejudice, given that they also appeared to be time-barred. Plaintiff's response was due by March 14, 2011. The Court expressly warned Plaintiff that the "[f]ailure to file a response by that date may be deemed consent to the dismissal of these claims against Cal-Western with prejudice."

To date, the Court has not received any response from Plaintiff. As such, Plaintiff's TILA and RESPA claims against defendant Cal-Western Reconveyance Corporation are hereby dismissed with prejudice because they are barred by the statute of limitations.

The Court has supplemental jurisdiction over Plaintiff's remaining state law claims under 28 U.S.C. § 1367(a). Once supplemental jurisdiction has been established under § 1367(a), a district court "can decline to assert supplemental jurisdiction over a pendant claim only if one of the four categories specifically enumerated in section 1367(c) applies." Executive Software v. U.S. Dist. Court for the Cent. Dist. of Cal., 24 F.3d 1545, 1555–56 (9th Cir. 1994). The Court may decline supplemental jurisdiction under § 1367(c) if: "(1) the claim raises a novel or complex issue of State law, (2) the claim substantially predominates over the claim or claims over which the district court has original jurisdiction, (3) the district court dismissed all claims over which it has original jurisdiction, or (4) in exceptional circumstances, there are other compelling reasons for declining jurisdiction."

Given that the Court has dismissed all of the federal claims over which it has original jurisdiction, the Court declines to exercise supplemental jurisdiction over Plaintiff's state law claims. See 28 U.S.C. § 1367(c)(3). Accordingly, because this case was originally filed in Riverside County Superior Court, Plaintiffs' state law claims for violation of the California Rosenthal Act, quiet title,

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

## CIVIL MINUTES - GENERAL

| Case No. | ED CV 10-1961 PA (AJWx) | Date | March 17, 2011 |
|---|---|---|---|
| Title | Javier Avalos v. Wells Fargo Bank, N.A., et al. | | |

wrongful foreclosure, slander of title, civil conspiracy, unfair business practices in violation of California Business & Professions Code § 17200, imposition of a constructive trust, and fraud are remanded to Riverside County Superior Court, Case No. RIC10021816.

    IT IS SO ORDERED.